UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | |  |
|---|---|---|
| MILTON L. SELLMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 1:12-mc-0031-TWP-TAB |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER ON PLAINTIFF'S PETITION TO QUASH**

Plaintiff Milton Sellman seeks to quash two summonses issued by Internal Revenue Service Agent Tony De Leon seeking financial information about Plaintiff from J.P. Morgan Chase Bank.  [Docket No. 1.]  Plaintiff claims the summonses are overbroad and De Leon is using them in bad faith for harassment purposes.  Defendants' response denies these allegations.  [Docket No. 4.]  Plaintiff's petition to quash recently was directed to the undersigned for resolution.  A review of the petition and the response reveals several problems.

First, Plaintiff contends that the attachments to the summonses demonstrate bad faith because "they seek virtually every conceivable kind of record that a bank might theoretically maintain."  [Docket No. 1 at 3.]  Unfortunately, Plaintiff failed to include these attachments with the petition, so the Court cannot determine whether the summonses are overbroad or in bad faith. Second, Defendants contend that the petition is untimely with respect to the first of the two summonses, served on January 30, 2012.  [Docket No. 4 at 1.]  Plaintiff has not responded to this argument, which appears well taken.  Third, Defendants' response raises other challenges with respect to the petition, but the response takes the form of an answer to a complaint, mostly just

admitting or denying facts. The response does raise some defenses and concerns, but fails to provide any meaningful discussion of these issues, so the response is largely unhelpful in addressing Plaintiff's petition.

As a result, the Court denies Plaintiff's petition without prejudice. Without the attachments, the Court cannot determine whether the summonses are overbroad or in bad faith. And despite the paucity of Defendants' response, the Court has concerns about the timeliness of the petition as it relates to the January 30 summons.

The Court suggests that the parties have a meaningful dialogue to try to resolve Plaintiff's concerns that perhaps the summonses go too far. It appears possible that the IRS would be entitled to financial information of the type that seems to be at issue here, though perhaps the IRS seeks too much. That issue is for another day, which the Court hopes will not arrive based upon the anticipated good faith efforts of the parties to resolve this dispute. If the dispute cannot be resolved, Plaintiff should include the missing attachments with any subsequent petition to quash, and Defendants should flesh out their arguments in a brief filed in response to any such petition. If Plaintiff believes Defendants' arguments miss the mark, a reply brief would be helpful and advisable. Again, however, the Court suspects that a good faith effort by both sides will avoid such a seemingly unnecessary expenditure of time and energy.

For these reasons, Plaintiff's petition to quash [Docket No. 1] is denied without prejudice.

Dated: 07/13/2012

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Milton L. Sellman
1002 Pampa Street
Pasadena, TX 77504

Gabrielle Golda Hirz
U.S. Department of Justice/Tax Division
gabrielle.g.hirz@usdoj.gov