UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MILTON L. SELLMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:12-mc-0031-TWP-TAB |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER ON PETITIONER'S MOTION TO QUASH AND
REPORT AND RECOMMENDATION ON RESPONDENTS' MOTION TO DISMISS**

**I.   Introduction**

Petitioner moves to quash a third-party summons by the Internal Revenue Service, which requests production of Petitioner's bank records at JPMorgan Chase. Respondents move to dismiss Petitioner's petition to quash for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for a failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). For the reasons below, Petitioner's motion to quash [Docket No. 12] should be granted and the Respondents' motion to dismiss [Docket No. 13] should be denied.

**II.   Discussion**

   *A.   Sovereign Immunity*

Respondents argue that this Court does not have jurisdiction because Petitioner has not met the conditions of 26 U.S.C. § 7609, which grants a waiver of sovereign immunity for challenges to third-party summonses. A waiver of sovereign immunity "cannot be implied but

must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Additionally, "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakishian*, 453 U.S. 156, 160 (1981).

Respondents allege that, under the conditions of § 7609, a person challenging a third-party summons must file a civil action and not a miscellaneous action. Respondents further allege that because Petitioner filed his motion to quash as a miscellaneous action instead of a civil action, Petitioner failed to establish jurisdiction. However, § 7609 does not expressly require a petitioner to file a civil action to challenge a third-party summons. Instead, the statute requires only that a person "begin a proceeding." § 7609. Because a miscellaneous action is a "proceeding" and Petitioner filed a miscellaneous action, Petitioner met the "proceeding" requirement.

The statute's legislative history states that a taxpayer wishing to challenge the summons "must begin a civil action in court . . . ." Senate Rep. No. 97-494. However, this report does not clearly distinguish a civil action from a miscellaneous action. Lacking this important distinction, the legislative history should not take priority over the language of the statute, which expressly references beginning a "proceeding." Miscellaneous proceedings and civil actions are not identical in all respects. For example, the filing fee for a civil action is $350, whereas the filing fee for a miscellaneous proceeding is only $46. But a difference in filing fees is not a sound basis for finding sovereign immunity has not been waived. After all, the Court sometimes grants applications for *in forma pauperis* and waives petitioners' filing fees.

Moreover, if sovereign immunity has been waived for a full-blown civil action, it is hard to imagine why such a waiver would not apply to a miscellaneous proceeding, which could in fact be a less onerous form of litigation.  Even so, though this case is proceeding as a miscellaneous action, Respondents have availed themselves to the procedural device of a motion to dismiss.  Rule 1 of the Federal Rules of Civil Procedure provides in relevant part that the rules apply "in all civil actions and proceedings . . . ."  If Respondents can utilize these rules to defend themselves, denying jurisdiction because the Petitioner failed to meet the "civil action" condition described in § 7609's legislative history would unnecessarily place form over substance.

Additionally, Respondents cite *Pless v. Unites States*, in which the court found that a petition to quash a summons is "clearly an adversarial proceeding" and thus must be filed as a civil action.  No. 8:06-0221-GRABHH, 2006 WL 625562, at *1 (D.S.C. Mar. 9, 2006).  However, miscellaneous actions also are often adversarial in nature.  This action has all the indicia of an adversarial proceeding, complete with a motion to quash and a motion to dismiss.  All that is missing is the complaint, but it appears self-evident that had Petitioner filed a complaint instead of a motion to quash, Respondents' reaction—filing a motion to dismiss—would have been the same.  Thus, because Petitioner has filed what amounts to an adversarial proceeding, *Pless* does not support Respondents' position.  Accordingly, the Magistrate Judge recommends that Respondents' motion to dismiss be denied.

      B.     *Good Faith*

Respondents assert that Petitioner failed to state a claim upon which relief can be granted by failing to show that Revenue Agent De Leon acted in bad faith.  To make a *prima facie* case

of good faith under a motion to dismiss a petition to quash a summons, Respondents must demonstrate "the investigation underlying the summons has a legitimate purpose; the information sought may be relevant to that purpose; the information is not already in the IRS's hands; and the IRS has followed the statutory steps for issuing a summons." *2121 Arlington Heights Corp. v. I.R.S.*, 109 F.3d 1221, 1224 (7th Cir. 1997).  Petitioner then has the burden to show an abuse of process.  He may either disprove "the existence of one of the . . . factors or [point] to specific facts suggesting that the IRS issued the summons in bad faith." *Id*.

According to Petitioner, Respondents failed to meet three elements of the good faith test.  First, Respondents claim the information sought by De Leon's summons was not relevant to the summons' purpose.  [Docket No. 12 at 4, ¶ 13.]  "The standard for relevancy in summons enforcement cases is relaxed." *2121 Arlington Heights Corp.*, 109 F.3d at 1224.  To be relevant, the objects sought by a summons need only "have the potential to shed some light . . . ." *Id*.  Although relevance is broad, it has a limit.  De Leon's summons requests "all open and closed accounts" from Chase Bank including records pertaining to signature cards, debit and credit memos, debit and credit cards, and "[a]ll correspondence with the above persons/entities and/or with third parties regarding the above persons/entities." [Docket No. 14-2 at 2.]  This summons could not be broader.  Though some of the bank records sought may shed light on the Petitioner's tax liabilities, many of these records would not.

Second, Petitioner asserts that Respondents seek information already within Respondents' possession, namely IRS 1099 forms.  [Docket No. 12 at 4, ¶ 15.]  However, in his affidavit, De Leon states that none of the information sought was already in the IRS's possession.  [Docket No. 14-1 at 2, ¶ 9.]  Third, Petitioner asserts that Respondents failed to

4

follow the statutory requirements for issuing a summons because De Leon did not serve Petitioner a copy of the summons. [Docket No. 12 at 4, ¶ 14.] However, De Leon certified that he did serve Petitioner a copy, and Petitioner's signature is on the delivery receipt. [Docket No. 14-2 at 4, 5.]

Because the IRS summons would implicate a vast array of information not relevant to the summons' purpose—to determine Petitioner's tax liabilities—Respondents have not acted in good faith. The procedural background of this case further supports this conclusion. The Court previously suggested that the IRS summons requested too much and asked the parties to "have a meaningful dialogue to try to resolve" this issue. [Docket No. 5 at 2.] However, Respondents appear to have made no efforts to narrow the scope of their summons. Because Respondents' summons is overbroad, the Magistrate Judge recommends that Respondents' motion to dismiss be denied.[1] As a result of the summons' overbreadth and the Respondents' failure to narrow the summons when given the opportunity, Petitioner's motion to quash is granted.

### III.  Conclusion

For the above reasons, Petitioner's motion to quash [Docket No. 12] is granted and the Magistrate Judge recommends that Respondents' motion to dismiss [Docket No. 13] be denied. Any objections to the Magistrate Judge's recommendation that the motion to dismiss be denied

---

[1] Petitioner also argues that the summons violates the Right to Financial Privacy Act. However, 12 U.S.C. § 3413(c) expressly exempts IRS summonses from the protections of the Act. "Nothing in this chapter prohibits the disclosure of financial records in accordance with the procedures authorized by Title 26." 12 U.S.C. § 3413(c); *see also Neilson v. United States*, 674 F. Supp. 2d 248, 255 (D.D.C. 2009) ("First, under the plain language of 12 U.S.C. § 3413(c), the RFPA does not apply to summonses issued pursuant to 26 U.S.C. § 7609 because, to state the obvious, they are summonses 'in accordance with the procedures authorized by Title 26.'").

shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.[2]

Dated: 12/21/2012

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Milton L. Sellman
1002 Pampa Street
Pasadena, TX 77504

Gabrielle Golda Hirz
U.S. Department of Justice/Tax Division
gabrielle.g.hirz@usdoj.gov

---

[2] The relief sought by way of the motion to quash cannot be afforded without considering the issues raised in the motion to dismiss. Given that the motion to dismiss is before the Magistrate Judge on a report and recommendation basis, the order on the motion to quash is stayed unless and until either: (1) the time for objecting to the report and recommendation expires; or (2) the District Judge adopts the report and recommendation.
.