UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MILTON L. SELLMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:12-mc-00031-TWP-TAB |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Respondents. ) | |

**ENTRY**

This matter is before the Court on the United States of America's and the Internal Revenue Service's (IRS) (collectively, "the Government") Objection to the Magistrate's order on Milton L. Sellman's ("Mr. Sellman") Motion to Quash and the Magistrate's Report and Recommendation on the Government's Motion to Dismiss. For the reasons set forth below, the Government's Objection (Dkt. 21) is **SUSTAINED** and the Government's Motion to Dismiss the Motion to Quash (Dkt. 13) is **GRANTED**.

**I. BACKGROUND**

The Government asserts that Mr. Sellman failed to file federal income tax returns for the years 2007, 2008, 2009, and 2010. IRS Revenue Agent Tony De Leon ("Agent De Leon") was assigned to examine Mr. Sellman's federal tax liabilities for those years. As part of his investigation, Agent De Leon issued administrative summonses to obtain Mr. Sellman's bank records. The summons at issue in this matter was served on JP Morgan Chase Bank on February 28, 2012 (the "Summons"). Mr. Sellman moves to quash the Summons served on JP Morgan Chase Bank.

## II. LEGAL STANDARD

As an initial matter, a district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* In contrast, a magistrate judge possesses authority to enter orders involving non-dispositive motions, which the district judge reviews under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

The United States is immune from suit aside from unequivocally expressed waivers of this sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). The United States has waived sovereign immunity for proceedings to quash IRS summonses under

the requirements set forth in 26 U.S.C. § 7609(b)(2). Specifically, "any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)." 26 U.S.C. § 7609(b)(2).

The Government contends that Mr. Sellman has not complied with the procedures in § 7609 and, therefore, sovereign immunity bars the Motion to Quash. The Government specifically argues that the law requires a "civil action," and not a "miscellaneous action" as was filed in this case. A miscellaneous action is distinguished from a civil action in that it carries a filing fee of $46.00 rather than $400.00. The miscellaneous action is designed for proceedings that do not otherwise qualify as a civil action, or that require a district or magistrate judge's ruling. In this district, miscellaneous actions are identified by the case number designation "mc" as opposed to "cv." For example, a motion to quash a discovery subpoena might be an appropriate miscellaneous action.

Section 7609 requires that a petitioner begin a "proceeding," but does not further define the term. The Government argues that in the case of ambiguity in the statute's meaning of "proceeding," the Court should look to the legislative history as dictating Congress's intent. *See e.g.*, *United States v. Gonzales*, 520 U.S. 1, 6 (1997) ("Given the straightforward statutory command, there is no reason to resort to the legislative history."). The Government relies on Senate Report No. 97-494 at 283 (1982), that states: "Under the bill, a taxpayer whose records are summoned, and who is, therefore, entitled to notice of the summons and who wishes to prevent compliance with the summons by the recordkeeper must begin a civil action in court . . . ." *See Pless v. United States*, No. 8:06-0221-GRABHH, 2006 WL 625562 (D.S.C. Mar. 9, 2006) (treating motion to quash IRS summons as civil action subject to higher filing fee).

Therefore, the Government argues, Congress gave clear intent to limit the waiver of immunity for motions to quash IRS summonses.  The Magistrate Judge found in part that Senate Report No. 97-494 did not specifically distinguish a "miscellaneous action" from the stated "civil action."

The Court finds that the term "proceeding" is ambiguous and does not clearly define what type of action is required.  However, Senate Report 97-494 does unambiguously state "civil action," which by its terms is distinguished from a miscellaneous action.  In order to quash an IRS administrative summons, Mr. Sellman was required to initiate a civil action proceeding, which requires a $400.00 filing fee[1] and notice under § 7609.  Therefore, the Court finds that it lacks subject matter jurisdiction over this action and it must be dismissed.

Additionally, Mr. Sellman also alleges that the Summons violates his rights under the Right to Financial Privacy Act, but the Act clearly states that "[n]othing in this chapter shall authorize the withholding of financial records or information required to be reported in accordance with any Federal statute or rule promulgated thereunder."  12 U.S.C. § 3413.  Therefore, the Act does not apply.

**B.    Good Faith**

Despite the Court's lack of subject matter jurisdiction, in favor of thoroughness, the Court will also address the merits of the Motion to Dismiss.  Mr. Sellman's Motion to Quash alleges that the Summons was issued in bad faith as harassment.  The Government responds that it satisfies its *prima facie* case that the Summons was issued in good faith.  *See 2121 Arlington Heights Corp. v. IRS*, 109 F3d 1221, 1224 (7th Cir. 1997).  To meet its burden, the Government is required to show four things:  (1) the investigation underlying the summons has a legitimate purpose; (2) the information sought may be relevant to that purpose; (3) the information is not

---

[1] As of May 1, 2013.

4

already in the IRS's hands; and (4) the IRS has followed the statutory steps for issuing a summons. *Id.*

Here, the first prong is clearly met. An IRS investigation into a citizen's tax liability is a legitimate purpose. Mr. Sellman contends the Government fails to meet the second prong of relevance. To be relevant, records must have the potential to "shed some light on any aspect of the" petitioner's income. *Id.* The Summons in this case seeks "all open and closed accounts" including records pertaining to signature cards, debit and credit cards, and all correspondence with third parties regarding the accounts. Dkt. 14-2 at 2. The Magistrate Judge found this was overly broad in that while some of the records sought might shed light on Mr. Sellman's tax liabilities, many might not. The Court instead finds that the Summons does seek relevant records under the "relaxed" relevancy standard. *2121 Arlington Heights Corp.*, 109 F.3d at 1224. It is only required that there be a potential in the records, not a certainty. The Government is not held to the standard of relevance "used in deciding whether to admit evidence in federal court." *United States v. Arthur Young & Co.*, 465 U.S. 805, 817 (1984).

> The [IRS] can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized. As a tool of discovery, the [26 U.S.C. § 7602] summons is critical to the investigative and enforcement functions of the IRS; the [IRS] therefore should not be required to establish that the documents are actually relevant in any technical, evidentiary sense.

*Id.* (internal citation omitted). The Court finds the Summons at issue is well within the limits defined by the Supreme Court.

The Government also easily satisfies the third prong, as Agent De Leon affirms that the information found in the records is not in the IRS's possession. Finally, the fourth prong is also satisfied. Agent De Leon served Mr. Sellman with a copy of the Summons and Mr. Sellman's signature is on the delivery receipt.

Because the Government has met its burden, it is upon Mr. Sellman to establish an abuse of process. *2121 Arlington Heights Corp.*, 109 F.3d at 1224. He can do so by disproving one of the factors or pointing to specific facts suggesting bad faith. Mr. Sellman has done neither. Even though the Court affords *pro se* litigants some leniency, *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), the Court cannot absolve Mr. Sellman of his burden to establish bad faith.

## IV.  CONCLUSION

Accordingly, the Government's Objection to the Magistrate Judge's Report & Recommendation (Dkt. 21) is **SUSTAINED**. The Government's Motion to Dismiss (Dkt. 13) is **GRANTED**. Mr. Sellman's Motion to Quash is **DISMISSED with prejudice**.[2]

**SO ORDERED**.

Date: 12/02/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Milton L. Sellman
1002 Pampa Street
Pasadena, Texas  77504

Laura C. Beckerman
U.S. DEPARTMENT OF JUSTICE, TAX DIVISION
laura.c.beckerman@usdoj.gov

Gabrielle Golda Hirz
U.S. DEPARTMENT OF JUSTICE/TAX DIVISION
gabrielle.g.hirz@usdoj.gov

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

---

[2] Although the Government also objected to the Magistrate Judge issuing an order granting the Motion to Quash on the grounds that the Magistrate Judge lacked authority to do so, the Court finds the resolution of that objection unnecessary given the dispositive nature of the Motion to Dismiss. The Magistrate Judge's order granting the Motion to Quash is necessarily overruled, as the Motion to Quash is dismissed.